**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

YEFIM TARSHIK,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; ST. FRANCIS
HOSPITAL; STORMONT-VAIL
HOSPITAL; MARION CLINIC;
HERITAGE MENTAL HEALTH
CLINIC; COTTON O'NEIL CLINIC,

      Defendants - Appellees.

No. 08-3291
(D.C. No. 08-CV-04058-SAC-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

---

Plaintiff-Appellant Yefim Tarshik, a pro se litigant, appeals from the

district court's judgment dismissing his complaint for lack of subject matter

jurisdiction. In the process, the district court stayed discovery and declined to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appoint counsel for him.

In a nutshell, Mr. Tarshik alleged that the Defendants were part of an organized crime syndicate which has repeatedly tried to poison him and caused him a variety of injuries both known and unknown. I R. Doc. 1 Supp. 1-7. He contends that the various Defendants have conspired against him, misdiagnosed him, and interfered with his rights to own property, obtain disability benefits, and prove that he is poisoned. Id. He also claims malicious malpractice, defamation, torture, and toxic assault and battery. Id. We affirm for substantially the same reasons identified by the district court; the State of Kansas has Eleventh Amendment immunity from damages, there is no diversity jurisdiction, nor is there federal question jurisdiction. To the extent that Mr. Tarshik is alleging state law claims, his federal claims are insubstantial, see Hagans v. Lavine, 415 U.S. 528, 536-44 (1974), and cannot serve as a basis for entertaining supplemental state law claims, United Int'l Holdings Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000). Although the district court's order indicated an alternative rationale for resolving the action, specifically, Fed. R. Civ. P. 12(b)(6), the judgment reflects that the action was dismissed for lack of subject matter jurisdiction. Having resolved the matter on the basis of lack of subject matter jurisdiction, the dismissal was without prejudice. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94-102 (1998).

Given that Mr. Tarshik's federal claims appeared insubstantial on their

face, the district court did not abuse its discretion in not appointing counsel and staying discovery.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge